DETERMINED IN

# THE SUPREME COURT

OF THE

# STATE OF CALIFORNIA.

[No. 20416. In Bank. — December 29, 1888.]

## THE PEOPLE, RESPONDENT, v. MARY VON, APPELLANT.

CRIMINAL LAW — HOMICIDE — PREVIOUS CONVICTION OF FELONY. — In determining whether a defendant accused of murder is guilty thereof, the jury should disregard evidence introduced to establish a previous conviction of felony which is also charged in the indictment.

ID. — APPEAL FROM JUDGMENT — REVIEW OF INSTRUCTIONS. — When an appeal in a criminal case is taken only on the judgment roll, which contains the written instructions presented and indorsed as given or refused, but also shows that oral instructions were given, the nature or contents of which do not appear as part of the record, an instruction refused cannot be reviewed. Appellant must either show that such instruction was not given elsewhere, or give the respondent an opportunity to show that it was given. The respondent has no control over the contents of the judgment roll, and the appellant must make error affirmatively to appear.

ID. — TRANSCRIPT ON APPEAL — UNAUTHENTICATED COPY OF ORAL INSTRUCTIONS. — A manuscript purporting to be the oral charge of the court, which is not incorporated in a bill of exceptions, or authenticated in any way provided by law, cannot be considered for the purpose of determining whether a written instruction presented and refused was or was not embodied in the oral charge.

APPEAL from a judgment of the Superior Court of the city and county of San Francisco, and from an order denying a new trial.

LXXVIII. CAL.—1

The facts are stated in the opinion of the court.

*J. T. Rogers,* for Appellant.

*Attorney-General Johnson,* for Respondent.

McFARLAND, J.—The information charges defendant with the murder of one Bishop. The jury convicted her of murder in the first degree, and fixed her punishment at imprisonment for life; and she appeals from the judgment. There is no bill of exceptions or statement; and appellant brings the case here on the judgment roll alone.

In addition to the charge of murder, there was put into the information (unwisely, we think, though we cannot say erroneously) another charge of having previously suffered a conviction of felony, to wit, an assault with a deadly weapon. And the main ground taken by appellant for a reversal of the judgment is the refusal of the court to give the third instruction asked by defendant's counsel, which included the proposition (evidently correct) that the jury, in determining whether defendant was guilty of the murder of Bishop, should disregard the evidence introduced to establish her conviction of the previous felony. Whether or not the said third instruction was, as a whole, correct, is, perhaps, a doubtful question; but it is a question which, under our view of the law, it is not necessary to determine.

Section 1127 of the Penal Code provides as follows: "Either party may *present* to the court any written charge, and request that it be given. If the court thinks it correct and pertinent, it must be given; if not, it must be refused. Upon such charge *presented* and given or refused, the court must indorse and sign its decision." And section 1207 provides that the judgment roll or record shall consist of the following: "1. The indictment or information, and a copy of the minutes of the plea or demurrer; 2. A copy of the minutes of the trial; 3. The charges given and refused, and the indorsements

thereon; 4. A copy of the judgment." Now, while the judgment roll in the case at bar contains the written charges *presented* and indorsed "given" or "refused," it also shows that there were other oral instructions given by the court to the jury, but does *not* show what those instructions were. We are asked, therefore, to reverse the case, because a particular written instruction presented by appellant is marked "refused," while we are informed that there were other instructions not in the record, and are not informed that the instruction refused (or that part of it which was correct) was *not* given in those instructions. An appellant must show error affirmatively and clearly. It might be argued that the prosecution should have shown that the "refused" instruction was given elsewhere. But how could the prosecution have done so? The defendant had entire control of the appeal, and chose to make it upon the judgment roll alone. Over the judgment roll, which appellant brings up, respondent had no control, except to see that there was no diminution. If the appellant had submitted a draught of a bill of exceptions or statement, and had put into it what was claimed to be all the instructions, then respondent would have had an opportunity to propose amendments; and in that event, it might be well argued that respondent should have seen to it that all the instructions were in. But when a defendant in a criminal case seeks to reverse a judgment because a proper instruction "presented" by him is found in the judgment roll marked "refused," he must either show that it was not given elsewhere, or he must have given the people an opportunity to show that it was. Otherwise, it would be an easy matter to obtain new trials in cases in which no errors had actually been committed.

There are objections to the refusal of the court to give one or two other instructions; but they are in the same category with said third instruction. There is in the transcript brought here, attached to the judgment roll,

some manuscript purporting to be the oral charge of the court; but it is not incorporated in a bill of exceptions, or authenticated in any way provided by law. It therefore cannot be considered.

The judgment is affirmed.

SEARLS, C. J., SHARPSTEIN, J., and PATERSON J., concurred.

THORNTON, J., dissented.